NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD E. KAVANAGH,**
*Petitioner,*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2010-3133

---

Petition for review of the Merit Systems Protection Board in case no. DC0752090253-I-2.

---

Decided: November 4, 2010

---

RONALD E. KAVANAGH, of Silver Spring, Maryland, pro se.

ERIC P. BRUSKIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General,

JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

————————————

Before BRYSON, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

Petitioner Ronald E. Kavanagh appeals from the final decision of the Merit Systems Protection Board ("Board") denying his petition for review of the October 14, 2009 initial decision of the administrative judge dismissing his claim based on a settlement agreement reached between Mr. Kavanagh and the Department of Health and Human Services ("HHS"). We *affirm*.

BACKGROUND

Mr. Kavanagh was employed by HHS as a pharmacologist working for the Food and Drug Administration starting in August 1998. On August 15, 2008, HHS issued a notice of proposed removal and subsequently issued a decision on December 8, 2008 removing Mr. Kavanagh from his position at HHS. The removal decision was based on charges of engaging in inappropriate behavior and failure to follow supervisory instructions. Mr. Kavanagh's removal was effective as of December 15, 2008.

Mr. Kavanagh filed an Individual Right of Action appeal to the Board alleging retaliation for whistleblowing activity on January 15, 2009. On February 18, 2009, the administrative judge granted Mr. Kavanagh's request for dismissal without prejudice to provide the parties an opportunity to complete discovery. Mr. Kavanagh refiled his appeal on May 15, 2009. The parties reached a settlement in September 2009.

On September 28, 2009, the parties jointly submitted a signed, written copy of the settlement agreement for inclusion in the Board's record. The administrative judge determined that "the agreement is within the Board's jurisdiction under 5 U.S.C. §§ 7511-7513 and 7701, the agreement is lawful on its face, the parties entered into the agreement freely and understand its terms, and the parties intended to have the agreement entered into the record for enforcement by the Board." Pet'r's App. 1-2. Thus, the appeal was dismissed.

On November 18, 2009, Mr. Kavanagh filed a petition for review to the full Board requesting review of the initial decision dismissing his appeal. Mr. Kavanagh stated that the basis for his petition was his determination that the settlement agreement is unlawful and should be reconsidered. Pet'r's App. 78. The relevant provision of the settlement agreement states that "[Mr. Kavanagh] agrees that any potential complaint, grievance, or any other matter stemming from his employment with the Agency and arising prior to the effective date of this agreement shall be covered and resolved by the terms of this agreement." Pet'r's App. 164-65. The agreement also includes confidentiality provisions, payment of Mr. Kavanagh's attorney fees, and additional consideration including a $43,000 payment by HHS to Mr. Kavanagh. On April 23, 2010, the Board denied Mr. Kavanagh's petition for review concluding that "there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." Pet'r's App. 6-7. Mr. Kavanagh appealed.

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "[I]n order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000).

This court's review is limited to whether the Board abused its discretion in affirming the administrative judge's dismissal of Mr. Kavanagh's appeal based on the settlement agreement, which turns on the question of whether Mr. Kavanagh showed that the settlement agreement was invalid. *See Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). Mr. Kavanagh asserts numerous arguments on appeal, only one of which is relevant. Namely, whether the Board correctly determined that the settlement agreement is valid, enforceable, and legal.

Mr. Kavanagh argues that the settlement agreement is unlawful because (1) it requires him to conspire to defraud the United States and (2) prevents him from reporting his knowledge of circumstances and the actions of others that allegedly constitute major fraud and felonies against the United States. Specifically, Mr. Kavanagh's petition sets forth his knowledge "involv[ing] agreements to conspire" in crimes against the United States under 18 U.S.C. §§ 4, 286, 371, 1031, and 1035. Pet'r's App. 11, 71. Mr. Kavanagh's argument appears to rely on the settlement agreement provision requiring "that any potential complaint, grievance, or any other matter stemming from his employment with the Agency and arising prior to the effective date of this agreement shall be covered and resolved by the terms of this agree-

ment." Pet'r's App. 72. Mr. Kavanagh interprets this provision of the agreement as unlawfully prohibiting him from "reporting felonies and misdemeanors" to administrative agencies, judicial and law enforcement officials, Congress, and the Office of the President. *Id.* Because the alleged prohibition would be contrary to public policy, Mr. Kavanagh requests that this court declare the entire settlement agreement illegal and unenforceable under our precedent. *See Fomby-Denson v. Dep't of the Army*, 247 F.3d 1366 (Fed. Cir. 2001).

The government responds that the plain terms of the settlement agreement contradict Mr. Kavanagh and do not require him to engage in any illegal activity. The government also asserts that to the extent certain provisions of the settlement agreement are ambiguous, our holding in *Fomby-Denson* requires only that those ambiguous provisions be construed in accordance with public policy. According to the government, *Fomby-Denson* does not require nullification of the entire settlement agreement in the presence of ambiguous terms or provisions.

We agree with the government and affirm the dismissal of Mr. Kavanagh's appeal. The administrative judge determined that HHS and Mr. Kavanagh freely entered into a lawful settlement agreement with the intent to have the agreement entered into the record before the Board. Pet'r's App. 1-2. On their face, the agreement's provisions do not require Mr. Kavanagh to conspire to defraud the United States. To the extent the agreement's release and confidentiality provisions are ambiguous as to whether Mr. Kavanagh may disclose details regarding alleged crimes, public policy requires that those provisions be construed such that his disclosure rights are not abrogated in the event HHS seeks to enforce the settlement agreement. *Fomby-Denson*, 247

F.3d at 1377-78 ("[C]ourts will not enforce contracts that purport to bar a party . . . from reporting another party's alleged misconduct to law enforcement authorities for investigation and possible prosecution.")  A potentially ambiguous provision, however, does not automatically render the entire settlement agreement unlawful and does not require rescission of the entire agreement.[1]  *Id.* at 1372, 1378 (construing ambiguous provisions of a settlement agreement in accordance with public policy rather than rescinding the entire agreement, as petitioner sought).

There exists no reversible error in the administrative judge's determination requiring dismissal of Mr. Kavanagh's appeal upon entry of the settlement agreement in the record.  The Board's determination denying the petition for review because there was "no new, previously unavailable, evidence and that the administrative judge made no error in law" is not arbitrary, capricious, or an abuse of discretion and is not unsupported by substantial evidence.  We have reviewed Mr. Kavanagh's other arguments and consider them unpersuasive.  Accordingly, we affirm the decision of the Board.

COSTS

Each party shall bear its own costs.

**AFFIRMED**

---

[1]    Rescission of the settlement agreement would require rescission of all provisions, including required payments by HHS to Mr. Kavanagh totaling more than $43,000 directly to him and $18,000 in attorney fees.  Mr. Kavanagh has not offered to return these payments despite his request that the court declare the settlement agreement illegal and unenforceable.